UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jeremy Guzman, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>Walmart Inc.,<br><br>      Defendant. | Case No. 1:22-cv-03465 |

## DEFENDANT'S STATEMENT AS TO OLIVE OIL IN PRODUCT

By Minute Entry dated October 3, 2022 (Dkt. 12), the Court ordered that Defendant Walmart Inc. ("Walmart") must file a statement addressing whether Great Value Reduced Fat Mayo with Olive Oil (the "Product") contains olive oil.

Walmart hereby affirms that the Product, in fact, contains olive oil. The amount of olive oil in the Product, as shown by its FDA-mandated ingredient declaration, is greater than those of other important mayonnaise ingredients such as vinegar, whole eggs, and egg yolks, and thus is far from *de minimis*.

Walmart will not address at length the unsolicited argument included in Plaintiff's Statement of October 17 (Dkt. 14), although it stands ready to do so if the Court wishes. Walmart notes only that the case law of this Circuit supports the Court's statement that a label claim that a product is made with one ingredient, in this case olive oil, does not "deny the presence of other oils, or suggest that the jar contained more olive oil than other types of oil." *See, e.g., Akers v. Costco Wholesale Corp.*, No. 3:21-cv-1098-NJR, 2022 U.S. Dist. LEXIS 177837, at *8 (S.D. Ill. Sept. 29, 2022) (dismissing claims that black raspberry flavored water

1

contained insufficient black raspberry because it is "fanciful" and "implausible" to interpret the label as claiming that the product contained any specific amount of black raspberry); *Zahora v. Orgain LLC*, No. 21-cv-705, 2021 U.S. Dist. LEXIS 213525, at *9-10 (N.D. Ill. Nov. 4, 2021) (dismissing case because it would be unreasonable of a consumer to interpret "vanilla bean flavor" as claiming the flavor was derived exclusively or even mostly from vanilla beans, citing several similar holdings); *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 U.S. Dist. LEXIS 35632, at *8-10 (N.D. Ill. Mar. 1, 2022) (dismissing as implausible a claim that consumers interpret "strawberry" Pop-Tarts to claim that the filling is mostly strawberries); *Karlinski v. Costco Wholesale Corp.*, No. 1:21-cv-03813, 2022 U.S. Dist. LEXIS 129944, at *12 (N.D. Ill. July 21, 2022) ("On a motion to dismiss, the Court need not accept the conclusion that a reasonable consumer would read the Product's 'chocolate' labeling to imply that the chocolate would be made mostly or entirely of cacao bean ingredients."); *Wach v. Prairie Farms Dairy, Inc.*, No. 21-cv-2191, 2022 U.S. Dist. LEXIS 90233, at *6 (N.D. Ill. May 19, 2022) ("[Plaintiff's] allegations […] that a reasonable consumer would expect a product labeled 'Premium Vanilla Ice Cream' to contain a non-negligible amount of extracts from vanilla beans, or to include only real vanilla flavoring are conclusory statements that I need not accept.").

Courts in other Circuits are in agreement. *See, e.g., Oldrey v. Nestlé Waters N. Am., Inc.*, No. 21-cv-3885-NSR, 2022 U.S. Dist. LEXIS 133770 (S.D.N.Y. July 27, 2022) (dismissing case because it would be unreasonable to assume that "twist of raspberry lime" and "real raspberry lime flavor" labeling on water made any claim about amount or predominance of raspberry and lime); *Myers v. Wakefern Food Corp.*, No. 20-civ-8470-NSR, 2022 U.S. Dist. LEXIS 35981, at *11 (S.D.N.Y. Mar. 1, 2022) (concluding that a product's "vanilla" label would not lead a reasonable consumer to understand its flavor to be derived mostly or exclusively from

the vanilla bean); *Robie v. Trader Joe's Co.,* No. 20-cv-07355-JSW, 2021 U.S. Dist. LEXIS 117336, at *12-13 (N.D. Cal. June 14, 2021) (finding that the phrase "Vanilla Flavored" does not suggest to the reasonable consumer that the flavor comes exclusively from the vanilla bean); *Bernstein v. Conopco, Inc.*, No. 3:21-cv-10160-KAR, 2022 U.S. Dist. LEXIS 106579, at *10-11 (D. Mass. June 15, 2022) (dismissing case as unreasonably alleging that "vanilla bean" ice cream contains any particular amount of vanilla bean); *Sidle v. Wakefern Food Corp.*, No. 2:20-cv-16336-MCA-MAH (D.N.J. Sept. 29, 2021) (Dkt. 16, letter order dismissing case, at 3-4) (unreasonable to posit that "vanilla" and image of vanilla flower on beverage makes a claim about the "quantity of vanilla as compared to other ingredients").

Dated: October 18, 2022

Respectfully submitted,

By its attorneys,

 */s/ August T. Horvath*
August T. Horvath (No. 2833234)
Foley Hoag LLP
1301 Avenue of the Americas, 25th floor
New York, New York 10019
Tel: (212) 812-0400, Fax: (212) 812-0399
ahorvath@foleyhoag.com

*Attorneys for Defendant Walmart Inc.*