**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| |
|---|
| Jeremy Guzman, individually and on behalf of all others similarly situated, |
| Plaintiff, |
| -against- |
| Walmart Inc. |
| Defendant. |

Case No. 1:22-cv-03465
Honorable Steven C. Seeger

**<u>DEFENDANT WALMART INC.'S MEMORANDUM OF LAW</u>**
**<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................1

BACKGROUND .........................................................................................................2

ARGUMENT ..............................................................................................................4

I.      Legal Standard .................................................................................................4

II.     Plaintiff Has No Basis for His Assumptions about the Product's Ingredients or the Label Representations ....................................................................................6

III.    Plaintiff's State Law Claims Are Preempted. ...............................................12

IV.    Plaintiff Has No Standing to Seek Injunctive Relief ....................................14

V.     Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate ...........15

       A.    Plaintiff is Barred from Recovering Economic Loss Under Negligent Misrepresentation................................................................15

       B.    Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability................................................16

       C.    Plaintiff Fails to State a Claim for Fraud ............................................18

       D.    Plaintiff Fails to State a Claim for Unjust Enrichment ........................19

CONCLUSION...........................................................................................................19

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Adams v. City of Indianapolis*,
    742 F.3d 720 (7th Cir. 2014) ...................................................................................4

*Akers v. Costco Wholesale Corp.*,
    No. 3:21-cv-1098-NJR, 2022 WL 4585417 (S.D. Ill. Sept. 29, 2022) ...................................10

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...............................................................................................5

*Ass'n Benefit Servs. v. Caremark Rx, Inc.*,
    493 F.3d 841 (7th Cir. 2007) .................................................................................19

*Bakopoulos v. Mars Petcare US, Inc.*,
    No. 20 CV 6841, 2021 WL 2915215 (N.D. Ill. July 12, 2021) .............................................14

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...............................................................................................4

*Bell v. Publix Super Mkts., Inc.*,
    982 F.3d 468 (7th Cir. 2020) .............................................................................6, 8

*Bernstein v. Conopco, Inc.*,
    No. 3:21-cv-10160-KAR, 2022 WL 2161149 (D. Mass. June 15, 2022)...............................11

*BIC Corp. v. Chi. Imp., Inc.*,
    540 F. Supp. 3d 786 (N.D. Ill. 2021) .....................................................................16

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 934 (7th Cir. 2001) .............................................................................5, 6

*Brodsky v. Aldi Inc.*,
    No. 20 C 7632, 2021 WL 4439304 (N.D. Ill. Sep. 28, 2021)....................................5

*Brooks v. Ross*,
    578 F.3d 574 (7th Cir. 2009) .............................................................................5, 6

*Brown v. Kellogg Sales Co.*,
    No. 1:2-cv-7283-ALC, 2022 WL 992627 (S.D.N.Y. Mar. 31, 2022) .....................................12

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) .............................................................................14

ii

*Cerretti v. Whole Foods Mkt. Grp.*,
No. 21-cv-5516, 2022 WL 1062793 (N.D. Ill. Apr. 8, 2022)..............................................7,10

*Charles Hester Enterprises, Inc. v. Illinois Founders Ins. Co.*,
114 Ill. 2d 278, 499 N.E.2d 1319 (Ill. 1986) .........................................................................18

*Chiappetta v. Kellogg Sales Co.*,
No. 21-cv-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022) ...........................................10, 16

*Clay Fin. LLC v. Mandell*,
No. 16 C 11571, 2017 U.S. Dist. LEXIS 132203 (N.D. Ill. Aug. 18, 2017) ....................15, 16

*Davis v. G.N. Mortg. Corp.*,
396 F.3d 869 (7th Cir. 2005) .......................................................................................5, 14

*DeBernardis v. NBTY, Inc.*,
No. 17 C 6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) ..............................................16

*Fink v. Time Warner Cable*,
714 F.3d 739 (2d Cir. 2013)...............................................................................................5

*Forouzesh v. Starbucks Corp.*,
714 F. App'x 776 (9th Cir. 2018) .......................................................................................5

*Fuchs v. Menard, Inc.*,
No. 17-cv-01752, 2017 WL 4339821 (N.D. Ill. Sep. 29, 2017) ....................................5, 6, 16

*GoHealth, LLC v. Simpson*,
No. 13 C 02334, 2013 WL 6183024 (N.D. Ill. Nov. 26, 2013)......................................15, 16

*Greenfield v. Sears, Roebuck & Co. (In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.)*,
No. MDL-1703, 2012 U.S. Dist. LEXIS 39561 (N.D. Ill. Mar. 22, 2012).............................18

*Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*,
Nos. 89-cv-1113, 1989 WL 152670 (N.D. Ill. Nov. 27, 1989)...............................................14

*Gubala v. CVS Pharmacy, Inc.*,
No. 14 C 9039, 2016 WL 1019794 (N.D. Ill. Mar. 15, 2016) ..................................................12

*Hayes v. Gen. Mills, Inc.*,
No. 19-cv-05626, 2021 WL 3207749 (N.D. Ill. July 29, 2021) .........................................5, 15

*Henderson v. Gruma Corp.*,
No. 10-cv-04173, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ............................................9

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
No. 15-cv-5070, 2017 WL 2215025 (N.D. Ill. May 19, 2017)................................................5

iii

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) ............................................................. passim

*Jackson v. SFC Glob. Supply Chain, Inc.*,
  No. 3:20-cv-1072-DWD, 2021 WL 3772696 (S.D. Ill. Aug. 25, 2021)....................................6

*Karlinski v. Costco Wholesale Corp.*,
  No. 1:21-cv-03813, 2022 WL 2867383 (N.D. Ill. July 21, 2022) ..........................................10

*Kennedy v. Mondelez Global LLC*,
  No. 19-cv-302, 2020 WL 4006197 (E.D.N.Y. July 10, 2020)....................................................9

*Ledezma v. Upfield US Inc*,
  Case No. 1:22-cv-01618, 2022 WL 16553039 (N.D. Ill. Oct. 31, 2022) ....................... passim

*Leppert v. Champion Petfoods USA Inc.*,
  No. 18 C 4347, 2019 U.S. Dist. LEXIS 7585 (N.D. Ill. Jan. 16, 2019) ................................16

*Linkepic Inc. v. Vyasil, LLC*,
  No. 12 C 09058, 2019 WL 11717093 (N.D. Ill. Oct. 15, 2019) .............................................18

*Manchouck v Mondeléz Intl., Inc.*,
  No. 13-CIV-02148, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013)........................................11

*Martis v. Pekin Mem'l Hosp. Inc.*,
  395 Ill. App. 3d 943 (Ill. App. Ct. 2009) ..............................................................................13

*McCabe v. Crawford & Co.*,
  210 F.R.D. 631, 640 (N.D. Ill.2002).......................................................................................13

*Medtronic, Inc. v. Lohr*,
  518 U.S. 470 (1996)................................................................................................................12

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
  91 Ill. 2d 69 (1982) ................................................................................................................15

*Myers v. Wakefern Food Corp.*,
  No. 20-civ-8470-NSR, 2022 WL 603000 (S.D.N.Y. Mar. 1, 2022)......................................11

*O'Connor v. Ford Motor Co.*,
  477 F. Supp. 3d 705 (N.D. Ill. 2020) .....................................................................................16

*Oldrey v. Nestlé Waters N. Am., Inc.*,
  No. 21-cv-3885-NSR, 2022 WL 2971991 (S.D.N.Y. July 27, 2022)......................................11

*People ex rel. Daley v. Grady*,
  548 N.E.2d 764 (Ill. App. Ct. 1989) ......................................................................................13

iv

*Phillips v. DePaul Univ.*,
  2014 IL App (1st) 122817, 19 N.E.3d 1019 (Ill. App. Ct. 2014) ...............................5

*Red v. Kraft Foods, Inc.*,
  No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012) ........................11

*Robie v. Trader Joe's Co.*,
  No. 20-cv-07355-JSW, 2021 WL 2548960 (N.D. Cal. June 14, 2021)...............................11

*Sarr v. BEF Foods, Inc.*,
  No. 18-cv-6409, 2020 WL 729883 (E.D.N.Y. Feb. 13, 2020) .................................9

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
  Nos. 05 CV 4742 & 05 CV 2623, 2006 U.S. Dist. LEXIS 36323, 2006 WL
  1443737 (N.D. Ill. May 17, 2006) .................................18

*Sensible Foods, LLC v. World Gourmet, Inc.*,
  No. 11-2819, 2012 WL 566304 (N.D. Cal. Feb. 21, 2012) .................................11

*Sidle v. Wakefern Food Corp.*,
  No. 2:20-cv-16336-MCA-MAH (D.N.J. Sept. 29, 2021) .................................12

*Sirius Labs., Inc. v. Rising Pharm., Inc.*,
  2004 WL 51240 (N.D. Ill. Jan. 7, 2004) .................................13

*Spector v. Mondelez Int'l, Inc.*,
  178 F. Supp. 3d 657 (N.D. Ill. 2016) .................................19

*Stella v. LVMH Perfumes & Cosmetics USA, Inc.*,
  564 F. Supp. 2d 833 (N.D. Ill. 2008) .................................16

*Stemm v. Tootsie Roll Indus.*
  374 F. Supp. 3d 734 (N.D. Ill. 2019) .................................13

*Turek v. Gen. Mills, Inc.*,
  662 F.3d 423 (7th Cir. 2011) .................................12

*Ulrich v. Probalance, Inc.*,
  No. 16 CV 10488, 2017 WL 3581183 (N.D. Ill. Aug. 18, 2017) ...........................14

*Wach v. Prairie Farms Dairy, Inc.*,
  No. 21 C 2191, 2022 WL 1591715 (N.D. Ill. May 19, 2022) .................................10

*Weaver v. Champion Petfoods USA Inc.*,
  No. 20-2235, 3 F.4th 927 (7th Cir. June 30, 2021).................................9

*Zahora v. Orgain LLC*,
  No. 21-cv-705, 2021 U.S. Dist. LEXIS 213525 (N.D. Ill. Nov. 4, 2021) .............................10

v

**Statutes**

810 Ill. Comp. Stat. 5/2-607 ..................................................................................................16

815 Ill. Comp. Stat. 505/2Z ..................................................................................................13

Illinois Consumer Fraud and Deceptive Business Practices Act ........................................... passim

Magnuson Moss Warranty Act .........................................................................................4, 18

U.C.C. § 2-314 ...............................................................................................................17, 18

FOLEYHOAGUS11126199.5

## <u>INTRODUCTION</u>

This case should be dismissed because there is no factual or legal basis for Plaintiff's allegations that the label on Defendant Walmart Inc.'s ("Defendant" or "Walmart") mayonnaise sold under the Great Value™ brand as "Reduced Fat Mayo with Olive Oil" (the "Product") is misleading to a reasonable consumer. Plaintiff alleges that the mere mention of what the Product is (mayonnaise with olive oil) and the use of a bright green color on the Product's label conveys to consumers that the Product's oil component is predominately or solely olive oil. Contrary to what Plaintiff alleges, the consumer is receiving exactly what is described on the product label – a mayonnaise product that contains olive oil. Plaintiff's allegations are the type of unreasonable interpretation of food product labels that courts, including courts in the Northern District of Illinois, routinely dismiss.

As this Court rightfully noted in its October 3, 2022 minute entry (Dkt. 12), "by the look of things, it seems the jar does, in fact, contain olive oil. Olive oil is the third ingredient. And Plaintiff seems to concede that point." It is clear on its face that the Product not only contains olive oil, but in fact, as the Court aptly noted, olive oil is the ***third*** listed ingredient, indicating that olive oil is present in high quantities relative to most other ingredients in the Product – including such staple components of mayonnaise as vinegar, whole eggs and egg yolks. Plaintiff does not dispute the Product contains olive oil. Dkt. 14 at 1.

A court in this District recently dismissed virtually identical claims in *Ledezma v. Upfield US Inc*, Case No. 1:22-cv-01618, 2022 WL 16553039 (N.D. Ill. Oct. 31, 2022). The plaintiff there claimed that the "With Olive Oil" statement and the images of olive branches on defendant's buttery spread product misled consumers into believing that the product had more olive oil than it actually had. The court dismissed the case because no reasonable consumer

1

could take the label elements (which are similar to those in the Product here), to mean that the product contains a specific amount of olive oil or more olive oil than vegetable oils.  Given that the nature of the allegations and label elements were nearly identical to those here, this Court should, like the *Ledezma* court, dismiss Plaintiff's complaint.

## BACKGROUND

The Product is a jar of reduced-fat mayonnaise sold under Walmart's Great Value[TM] brand labeled as "Reduced Fat Mayo with Olive Oil."  As this Court, Plaintiff himself, and Defendant all note, the product does indeed contain olive oil.

Nonetheless, Plaintiff alleges that between December 14, 2021, and April 14, 2022, he purchased the Product, relying on the words, images, colors, "and/or" other features of the Product label.  Compl. ¶¶ 65-67.  The Plaintiff included in his Complaint, a reproduced image of the Product and its ingredient statement:



INGREDIENTS: WATER, SOYBEAN OIL, OLIVE OIL, MODIFIED FOOD STARCH*, VINEGAR, WHOLE EGGS, EGG YOLKS, SUGAR, SALT, CONTAINS LESS THAN 2% OF LEMON JUICE CONCENTRATE, SORBIC ACID (PRESERVATIVE)*, NATURAL FLAVOR, CALCIUM DISODIUM EDTA TO PROTECT FLAVOR, PAPRIKA EXTRACT. *INGREDIENTS NOT IN REGULAR MAYONNAISE. **CONTAINS EGGS.**

Compl ¶¶ 1, 27.  Plaintiff's central allegation is that the representation "with Olive Oil" along with the green color of the label background gives consumers "the impression it has a greater absolute and relative amount of olive oil compared to traditional vegetable oil ingredients than it does."  Comp. ¶ 2.  Specifically, Plaintiff asserts that due to these label elements, "consumers expect a significant, non-de minimis amount of olive oil, in relative and absolute amounts to all oils used."  Compl. ¶ 26.  Plaintiff does not quantify how much olive oil he believes is in the Product or even how much consumers expect.  Rather, Plaintiff acknowledges that the ingredient statement does in fact list olive oil as an ingredient, specifically the third most prominent ingredient.  Compl. ¶ 27.

3

On October 18, 2022, pursuant to the Court's October 3, 2022, minute order (Dkt. 12), Defendant filed a statement affirming, "the Product, in fact, contains olive oil.  The amount of olive oil in the Product, as shown by its FDA-mandated ingredient declaration, is greater than those of other important mayonnaise ingredients such as vinegar, whole eggs, and egg yolks, and thus is far from *de minimis*."  Pursuant to the same order, Plaintiff filed a statement on October 17 affirming that he "does not deny the Product contains olive oil."  Dkt. 11.

Plaintiff's Complaint raises the following causes of action: (i) "Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, et seq.," (ii) "Violation of State Consumer Fraud Acts" under ten other states' "Consumer Fraud Acts" (without specifying exactly what statutes he purports to describe), (iii) "Breaches of Express Warranty, Implied Warranty of Merchantability/Fitness for a Particular Purpose and Magnuson Moss Warranty Act, 15 U.S.C.§§ 2301, et seq.," (iv) "Negligent Misrepresentation," (v) "Fraud," and (vi) "Unjust Enrichment." Compl. at 9–14.  He also seeks injunctive relief and monetary damages, and to certify a state-wide and multi-state classes. Compl. at 16.

## ARGUMENT

### I.    Legal Standard

To survive a motion to dismiss under 12(b)(6), "a complaint must 'state a claim to relief that is plausible on its face.'"  *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.  A claim has facial plausibility when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556

4

U.S. 662, 678 (2009)).  Vague factual allegations are insufficient, as are "alleged facts [that] are actually legal conclusions or elements of the cause of action." *McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009).

To meet the *Iqbal* standard on a claim under ICFA, a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer."  *Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *5 (N.D. Ill. July 29, 2021); *see also Phillips v. DePaul Univ.*, 2014 IL App (1st) 122817, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014).  Under this "reasonable consumer" standard, the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff."  *Hayes*, 2021 WL 3207749, at *5 (quoting *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005)).  "A court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  *Brodsky v. Aldi Inc.*, No. 20 C 7632, 2021 WL 4439304, at *11 (N.D. Ill. Sep. 28, 2021).  A label is not deceptive as a matter of law when the plaintiff's interpretation is so facially illogical, implausible, or fanciful that no reasonable consumer would think it – and dismissal is warranted in those circumstances.  *See Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001) ("As a matter of law, none of the three statements ... is deceptive" where the label "eliminates any possibility of deception" and can only be read in a nondeceptive way.); *Forouzesh v. Starbucks Corp.*, 714 F. App'x 776, 777 (9th Cir. 2018) ("The statutory claims fail as a matter of law because no reasonable consumer would think ... that a 12-ounce 'iced' drink, such as iced coffee or iced tea, contains 12 ounces of coffee or tea and no ice."); *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Courts must "dismiss an ICFA claim at the pleading stage if the statement is 'not misleading as a matter of law.'"  *Fuchs v. Menard, Inc.*, No. 17-cv-01752,

5

2017 WL 4339821, at *3 (N.D. Ill. Sep. 29, 2017) (citing *Ibarrola v. Kind*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015)).

With respect to claims for fraud, Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b)'s heightened pleading standard "ordinarily requires describing the 'who, what, when, where, and how' of the fraud," and "applies to all averments of fraud, not claims of fraud." *Ibarrola*, 83 F. Supp. at 755 (internal quotation marks omitted).

## II. Plaintiff Has No Basis for His Assumptions about the Product's Ingredients or the Label Representations

All of Plaintiff's claims fail because Plaintiff alleges no actionable misrepresentation. At the very least, dismissal is proper because Plaintiff cannot plausibly allege that the Product's representations are "'misleading as a matter of law.'" *Fuchs*, 2017 WL 4339821 at *3 (quoting *Ibarrola*, 83 F. Supp. at 756 (dismissing Plaintiff's consumer-fraud claim under Rule 12(b)(6)).

Plaintiff makes several allegations that are unsupported by any credible factual basis and are directly contradicted by the Complaint and Defendant's representations to the Court to date. Even on a Rule 12 motion, the Court need not credit conclusory allegations or allegations that contradict common knowledge and common sense. *Jackson v. SFC Glob. Supply Chain, Inc.*, No. 3:20-cv-1072-DWD, 2021 WL 3772696, at *3 (S.D. Ill. Aug. 25, 2021) (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)); *see also Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 475 (7th Cir. 2020) (acknowledging that courts have used common-sense arguments when dismissing labeling claims when no reasonable consumer could actually believe a plaintiff's alleged interpretation).

6

None of Plaintiff's substantive allegations have any factual support, plausibility, or merit; some are even contradicted by other allegations. In the Complaint and in its response to the Court's inquiry, Plaintiff acknowledges there is not only olive oil in the Product, but it is the third listed ingredient, and that vegetable oil is, also present as clearly disclosed in the ingredient statement. Compl. ¶ 26; Dkt. 14. Yet Plaintiff also alleges, with absolutely no basis, that there is a *de minimis* amount of olive oil in the Product. The reality is that the amount of olive oil in the Product, as shown by its FDA-mandated ingredient declaration, is greater than those of other important mayonnaise ingredients such as vinegar, whole eggs, and egg yolks, and thus is far from *de minimis*. But it is unnecessary even to consider this information, because, like the buttery spread in *Ledezma*, the Product here makes no representation that any absolute or relative quantity of olive oil is present.

Plaintiff's claims under the Illinois Consumer Fraud Act ("ICFA") fail because of the lack of any plausible allegations of "misrepresentation or the concealment, suppression or omission of any material fact." *Cerretti v. Whole Foods Mkt. Grp.*, No. 21-cv-5516, 2022 WL 1062793, at *2, 3 (N.D. Ill. Apr. 8, 2022) (quoting 815 ILCS 505/2) (dismissing complaint for failure to allege a reasonable interpretation of factually true statements on food label). As the Seventh Circuit has recognized, dismissal on the pleadings is proper when, as here, a plaintiff bases her "deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising." *Bell*, 982 F.3d at 477 (affirming 12(b)(6) dismissal of alleged); *see also Bober*, 246 F.3d at 938–40 (affirming 12(b)(6) dismissal for lack of plausible allegations that representations would mislead reasonable consumers). In other words, this Court "may dismiss an ICFA claim at the pleading stage if the [challenged] statement is not 'misleading as a matter of law.'" *Fuchs*, 2017 WL 4339821, at *3 (*quoting Ibarrola*, 83 F. Supp. at 756).

7

Plaintiff's theory about the representation "With Olive Oil" – that it somehow suggests a specific "relative and absolute amount of olive oil," Compl ¶¶ 26, 27 - is precisely the type of unreasonable interpretation that merits dismissal at the pleading stage. Courts in this and other districts frequently reject strained allegations, like Plaintiff's, that representations about the presence of an ingredient somehow misleadingly suggest an amount of that ingredient, or the absence of some other ingredient.

For instance, in the nearly identical case *Ledezma v. Upfield US Inc.*, Case No. 1:22-cv-01618, 2022 WL 16553039, (N.D. Ill. Oct. 31, 2022), the plaintiff claimed that the "With Olive Oil" statement and the images of olive branches on defendant's butter spread product misled consumers into believing that the product had more olive oil than it actually had. The plaintiff in *Ledezma* asserted the same causes of action Plaintiff has brought here. *Id.* at *6. The *Ledezma* court dismissed all of the plaintiff's claims because "[a] reasonable consumer could not take those representations to mean that the product necessarily contains a particular amount of olive oil or more olive oil than vegetable oils." *Id.* at *7, *10-11.

The *Ledezma* court specifically rejected the contention that its ruling was inconsistent with the Seventh Circuit's decision in *Bell v. Publix Super Mkts., Inc*., where the Seventh Circuit cautioned "that a rule that immunized any ambiguous label so long as it is susceptible to one non-deceptive interpretation would validate highly deceptive advertising." 982 F.3d 468, 477 (7th Cir. 2020) (internal quotation omitted). The *Ledezma* court found *Bell* inapposite to the case before it because *Bell* concerned front-of-product labeling that was inherently misleading or at least ambiguous, whereas none of the representations on the label at issue "even obliquely suggest[ed] that the product contains a particular amount of olive oil, let alone the unspecified

FOLEYHOAGUS11126199.5

greater amount of olive oil expected by Ledezma. There is therefore no need to look to the ingredient list to clear up any potentially deceptive misrepresentation." *Ledezma* at \*9.

Here, Plaintiff is claiming that the statement "with olive oil" and the green coloring theme on the Product's label conveys to consumers that there is a specific amount of olive oil in the Product and that the ingredient statement belies what the label conveys to consumers. Unlike the product label at issue in *Ledezma*, which contained images of olive oil branches in addition to the "With Olive Oil" statement, the product label at issue here contains no such imagery, but merely a green color which Plaintiff alleges, even more implausibly, connotes olives. Regardless, the *Ledezma* court dismissed the complaint less than two weeks ago on the basis that the claims are not misleading because they do not convey the presence of any specific amount of olive oil. Since the Product's ingredient statement not only confirms the presence of olive oil, but that it is also the third most prominent ingredient in the Product (Compl. ¶ 27), the Product's label is no more misleading than the label at issue in *Ledezma*. Accordingly, this Court should follow the rationale it applied in *Ledezma* and dismiss all of Plaintiff's claims.

Moreover, a line of recent cases in the Seventh Circuit holds that references to an ingredient in a product do not imply that the ingredient is used exclusively. *Weaver v. Champion Petfoods USA Inc.*, No. 20-2235, 3 F.4th 927, 936-938 (7th Cir. June 30, 2021) (citing *Kennedy v. Mondelez Global LLC*, No. 19-cv-302, 2020 WL 4006197, at \*4 (E.D.N.Y. July 10, 2020), *Sarr v. BEF Foods, Inc.*, No. 18-cv-6409, 2020 WL 729883, at \*4 (E.D.N.Y. Feb. 13, 2020); and *Henderson v. Gruma Corp.*, No. 10-cv-04173, 2011 WL 1362188, at \*12 (C.D. Cal. Apr. 11, 2011) and affirming district court opinion that because the dog food product contained *some* ingredients that were fresh and sourced regionally, a reasonable consumer would not be misled by product label that referenced fresh and regional ingredients - "references to ingredients used

9

do not imply that ingredient is used exclusively"); *Akers v. Costco Wholesale Corp.*, No. 3:21-cv-1098-NJR, 2022 WL 4585417, at *8 (S.D. Ill. Sept. 29, 2022) (dismissing claims that black raspberry flavored water contained insufficient black raspberry because it is "fanciful" and "implausible" to interpret the label as claiming that the product contained any specific amount of black raspberry); *Zahora v. Orgain LLC*, No. 21-cv-705, 2021 WL 5140504, at *9-10 (N.D. Ill. Nov. 4, 2021) (dismissing case because it would be unreasonable of a consumer to interpret "vanilla bean flavor" as claiming the flavor was derived exclusively or even mostly from vanilla beans, citing several similar holdings);*Cerretti v. Whole Foods Mkt. Grp.*, No. 21-cv-5516, 2022 WL 1062793, at *2, 3 (N.D. Ill. Apr. 8, 2022) (dismissing complaint for failure to allege a reasonable interpretation of factually true statements on food label); *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *4 (N.D. Ill. Mar. 1, 2022) (collecting cases and granting 12(b)(6) dismissal when "no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term 'Strawberry.'"); *Karlinski v. Costco Wholesale Corp.*, No. 1:21-cv-03813, 2022 WL 2867383, at *12 (N.D. Ill. July 21, 2022) ("On a motion to dismiss, the Court need not accept the conclusion that a reasonable consumer would read the Product's 'chocolate' labeling to imply that the chocolate would be made mostly or entirely of cacao bean ingredients."); *Wach v. Prairie Farms Dairy, Inc.*, No. 21-cv-2191, 2022 WL 1591715, at *6 (N.D. Ill. May 19, 2022) ("[Plaintiff's] allegations […] that a reasonable consumer would expect a product labeled 'Premium Vanilla Ice Cream' to contain a non-negligible amount of extracts from vanilla beans, or to include only real vanilla flavoring are conclusory statements that I need not accept.").

Other federal courts have also dismissed similar claims where the plaintiffs have alleged "made with" ingredient claims were misleading. These courts have held that such statements are

factually true and not deceptive as a matter of law if the product indeed contains a *non-de*

*minimis* amount of the ingredient. *See e.g.*, *Oldrey v. Nestlé Waters N. Am., Inc.*, No. 21-cv-

3885-NSR, 2022 WL 2971991 (S.D.N.Y. July 27, 2022) (dismissing case because it would be

unreasonable to assume that "with a twist of raspberry lime" and "real raspberry lime flavor"

labeling on water made any claim about amount or predominance of raspberry and lime);

*Manchouck v Mondeléz Intl., Inc*., No. 13-CIV-02148, 2013 WL 5400285, at *7-9 (N.D. Cal.

Sept. 26, 2013) (putative class action dismissed because "made with real fruit" claim on cookie

label deceptively implied product excluded mechanically processed puréed fruit "strain[ed]

credibility"); *Red v. Kraft Foods, Inc.*, No. 10-civ-1028, 2012 U.S. Dist. LEXIS 164461, at *10-

12 (C.D. Cal. Oct. 25, 2012) (reasonable consumer not likely to be deceived into believing that

"made with real vegetables" for crackers meant product contains a significant amount of

vegetables, because reasonable consumers know crackers are not composed primarily of fresh

vegetables); *Sensible Foods, LLC v. World Gourmet, Inc*., No. 11-2819, 2012 WL 566304 at

*16-20 (N.D. Cal. Feb. 21, 2012) ("Veggie Straws" and "Apple Straws" for snack foods made

primarily of potatoes not deceptive because the products indeed contained vegetables and

apples). *See also Myers v. Wakefern Food Corp.*, No. 20-civ-8470-NSR, 2022 WL 603000, at

*11 (S.D.N.Y. Mar. 1, 2022) (concluding that a product's "vanilla" label would not lead a

reasonable consumer to understand its flavor to be derived mostly or exclusively from the vanilla

bean); *Robie v. Trader Joe's Co.,* No. 20-cv-07355-JSW, 2021 WL 2548960, at *12-13 (N.D.

Cal. June 14, 2021) (finding that the phrase "Vanilla Flavored" does not suggest to the

reasonable consumer that the flavor comes exclusively from the vanilla bean); *Bernstein v.*

*Conopco, Inc.*, No. 3:21-cv-10160-KAR, 2022 WL 2161149, at *10-11 (D. Mass. June 15, 2022)

(dismissing case as unreasonably alleging that "vanilla bean" ice cream contains any particular

11

amount of vanilla bean); *Sidle v. Wakefern Food Corp.*, No. 2:20-cv-16336-MCA-MAH (D.N.J. Sept. 29, 2021) (Dkt. 16, letter order dismissing case, at 3-4) (unreasonable to posit that "vanilla" and image of vanilla flower on beverage makes a claim about the "quantity of vanilla as compared to other ingredients"); *Brown v. Kellogg Sales Co.*, No. 1:2-cv-7283-ALC, 2022 WL 992627, at *3 (S.D.N.Y. Mar. 31, 2022) (dismissing case finding no reasonable consumer could conclude that the filling contains a certain amount of strawberries based on the package's images and its use of the term "strawberry.").

Plaintiff's statutory and common-law-fraud claims fail because the representations Plaintiff challenges are not deceptive to a reasonable consumer as a matter of law. Indeed, they are exactly the idiosyncratic, "fanciful" interpretations that are unlikely to deceive "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances," and which should therefore be dismissed under Rule 12(b)(6). *Bell*, 982 F.3d at 474–75.

### III. Plaintiff's State Law Claims Are Preempted.

The Food, Drug, and Cosmetic Act, ("FDCA") provides a comprehensive system of food labeling requirements under federal law. *See* 21 U.S.C. §§ 343 *et seq*. Section 343(r) of the FDCA addresses claims in food labeling, including nutrient and ingredient content claims that either "expressly or by implication . . . characterize the level of any nutrient." The FDCA's broad preemption provision, which prohibits any state law that directly or indirectly establishes a "requirement" for food labeling that is not "identical" to the requirements set forth in the FDCA, specifically gives Section 343(r) preemptive effect. 21 U.S.C. §§ 343-1(3), 353-1(5); *Gubala v. CVS Pharmacy, Inc.*, No. 14 C 9039, 2016 WL 1019794, at *10 (N.D. Ill. Mar. 15, 2016) (holding that a cause of action under Illinois law for false or misleading product labeling is

12

preempted, if it seeks to impose labeling requirements that are not identical to requirements imposed by the enumerated provisions to which § 21 USC 343-1 gives preemptive effect).

Plaintiff is also not empowered to enforce violations of the FDCA because it does not create a private cause of action. *Turek v. Gen. Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 487 (1996)). Plaintiff also cannot use an alleged FDCA violation as the predicate for an ICFA violation for two reasons. First, the FDCA is not listed in the 31 statutes that, if violated, would constitute a violation of the ICFA. 815 Ill. Comp. Stat. 505/2Z. The Court in *Stemm v. Tootsie Roll Indus.* dismissed an ICFA claim predicated on an alleged FDCA violation, holding that under the canon of statutory construction, "*expressio unios est exclusio alterius*," a violation of an FDCA regulation is not a *per se* violation of ICFA because it is not one of the statutes enumerated therein. 374 F. Supp. 3d 734, 742 (N.D. Ill. 2019); *see also McCabe v. Crawford & Co.*, 210 F.R.D. 631, 640 (N.D. Ill. 2002) ("If the Illinois legislature intended that violations of § 6-305.2(f) [of the Illinois Vehicle Code] constitute unlawful practices under the ICFA, they would have explicitly provided so…."); *Martis v. Pekin Mem'l Hosp. Inc.*, 395 Ill. App. 3d 943, 917 N.E.2d 598, 604, (Ill. App. Ct. 2009) (violation of the Medical Practice Act does not automatically violate the ICFA because the Act is not enumerated, and "enumeration [in a statute] implies the exclusion of all other things even if there are no negative words of prohibition"); *People ex rel. Daley v. Grady*, 548 N.E.2d 764, 766 (Ill. App. Ct. 1989) (violation of Illinois Real Estate License Act did not automatically qualify as a deceptive practice under ICFA because it was not an enumerated statute).

Second, courts have also held that a FDCA violation cannot be used as the basis for a false advertising claim nor a claim under ICFA. *See Sirius Labs., Inc. v. Rising Pharm., Inc.*, 2004 WL 51240, at *7-8 (N.D. Ill. Jan. 7, 2004) (violations based on an interpretation of FDCA

13

regulations cannot serve to sustain either an ICFA or Lanham Act claim); *Grove Fresh Distribs., Inc. v. Everfresh Juice Co*., Nos. 89 C 1113, 89 C 1117, 89 C 1118, 1989 WL 152670, at \*7 (N.D. Ill. Nov. 27, 1989) ("[w]here Congress has precluded private causes of action under the FDCA, we find it difficult to justify the use of the FDCA to establish a crucial element [...] under the Lanham Act") (citing *Davis v. United States*, 722 F.2d 1157 (4th Cir. 1983)).

Here, Plaintiff's case is entirely predicated on an interpretation of FDCA regulations and what Defendant should have done according to that interpretation. The Product's representation that it is "With Olive Oil" is the very kind of labeling claim that FDA regulations expressly exclude from regulation under Section 343(r)(1) of the FDCA. If Plaintiff succeeds on her claim and forces Walmart to alter its labeling, this would impose a requirement that is not "identical to" the provisions of the FDCA and its implementing regulations. Plaintiff's claims are therefore expressly preempted. *See Zurilene*, 2022 WL 816636, at \*2–3 (granting motion to dismiss when plaintiff's theory "would be one step beyond the FDA regulations and is therefore preempted by" the FDCA).

## IV. Plaintiff Has No Standing to Seek Injunctive Relief

Courts in Illinois follow the reasoning in *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740-41 (7th Cir. 2014), and dismiss claims for injunctive relief in false advertising cases where, as here, the plaintiff is now aware of the alleged misrepresentations he challenges and therefore is not in danger to be deceived by them again. *Bakopoulos v. Mars Petcare US, Inc.*, No. 20 CV 6841, 2021 WL 2915215, at \*9 (N.D. Ill. July 12, 2021) ("Bakopoulos is aware of the true nature of Mars's products and their marketing [...] he is therefore unlikely to be harmed by the defendant's practices in the future."); *Ulrich v. Probalance, Inc.*, No. 16 C 10488, 2017 WL 3581183, at \*17 (N.D. Ill. Aug. 18, 2017) ("The Seventh Circuit seems likely to agree,

14

[…] a plaintiff who was already aware of the defendant's deceptive sales practices could not obtain injunctive relief because he 'is not likely to be harmed in the future.'") (internal citation omitted); *In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 WL 2215025 at *37 (N.D. Ill. May 19, 2017) ("Even if *Camasta* were *dicta* […] it is persuasive.") (internal citations omitted); *Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749 at *11-12 (N.D. Ill. July 29, 2021) ("Now that Hayes is aware of General Mills's conduct, it is unlikely that he will purchase the Products again. This is fatal to his claim for injunctive relief."). Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

### V.    Plaintiff's Ancillary Causes of Action are Improperly Pled and/or Inappropriate

Plaintiff's ancillary claims all fail because Plaintiff's core theory of deception fails.  In the alternative, the ancillary claims would have to be dismissed for the reasons set forth.

### A.    Plaintiff is Barred from Recovering Economic Loss Under Negligent Misrepresentation.

"Generally, a negligence cause of action cannot be sustained for the recovery of economic loss alone." *Clay Fin. LLC v. Mandell*, No. 16 C 11571, 2017 WL 3581142, at *12 (N.D. Ill. Aug. 18, 2017) (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill.2d 69 (1982)).  Illinois recognizes only two exceptions to this doctrine.  "First, economic loss is recoverable 'where one intentionally makes false representations.' […] Second, economic loss is recoverable 'where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations.'" *Id.* at 12-13, (citing *Moorman* at 88-89) (internal citations omitted).  The second *Moorman* exception applies to commercial institutions that provide purely informational services and offer no tangible products.  *See GoHealth, LLC v. Simpson*, No. 13 C 02334, 2013 WL 6183024, at *44-45 (N.D. Ill. Nov. 26, 2013).  If the

15

commercial entity is not in said business, it has no affirmative duty to others to communicate accurate information. *Id.*

Plaintiff cannot claim either *Moorman* exception and is therefore barred from recovering any economic loss under a negligent representation claim. Plaintiff did not plead any intentional misrepresentation, leaving the first exception under the *Moorman* doctrine inapplicable. *See Clay Fin. LLC v. Mandell, supra*, at 15 (allowing a negligent representation claim to proceed because the complaint specifically alleged intentional misrepresentation). Secondly, Defendant is not in the business of supplying information for the guidance of others in their business transactions; it is in the business of selling food products.

### B. Plaintiff Fails to State a Claim for Breach of Express Warranty or Implied Warranty of Merchantability

The Uniform Commercial Code, as adopted by Illinois, requires that a plaintiff provide a defendant with notice of a breach of warranty "within a reasonable time after he discovers or should have discovered any breach." 810 Ill. Comp. Stat. 5/2-607(3)(a). "This notice provision serves 'to encourage pre-suit settlement negotiations' and 'applies to all the various beneficiaries of an implied or express warranty in addition to the purchaser of the goods.'" *BIC Corp. v. Chi. Imp., Inc.*, No. 18-cv-7378, 2021 WL 1998224, at *17 (N.D. Ill. May 19, 2021) (citing *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 715 (N.D. Ill. 2020)); *see also In re McDonald's French Fries Litig.*, 503 F. Supp. 2d 953, 956 (N.D. Ill. 2007). The notice requirement is subject to two exceptions: "when (1) the seller has actual knowledge of the defect of the particular product; or (2) a consumer plaintiff suffers a personal injury." *Leppert v. Champion Petfoods USA Inc.*, No. 18 C 4347, 2019 WL 216616, at *25-26 (N.D. Ill. Jan. 16, 2019) (citing *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 837 (N.D. Ill. 2008)). "A manufacturer's knowledge of its own ingredients is insufficient under Illinois law to constitute actual knowledge

16

of the alleged defect." *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at *3 (N.D. Ill. Jan. 18, 2018).

Plaintiff failed to provide adequate pre-suit notice to Walmart required to bring express or implied warranty claims. Plaintiff merely stated that he "provided or will provide notice to defendant, its agents, representatives, retailers and their employees." Comp. ¶ 102. Such ambivalence clearly shows that he provided no such notice. Furthermore, neither exception to the notice requirement applies because Plaintiff did not allege any personal injury nor can he merely depend on Walmart's knowledge of the Product's own ingredients.

Moreover, Plaintiff's failure to allege plausible deception also dooms his warranty claims. *See Chiappetta*, 2022 WL 602505, at *6 (holding that the plaintiff's "claims for breach of express and implied warranties suffer from the same infirmity" as the statutory fraud claim: "The Product comported with its packaging."); *Floyd*, 2022 WL 203071, at *4 ("Assuming there was a warranty that the [Golden Butter] crackers conformed to its description, where was the breach? The crackers contained butter and they were golden-hued as the name and label specified."); *Fuchs*, 2017 WL 4339821, at *6 (dismissing express-warranty claim for lack of plausible allegations of any misrepresentation, for the same reasons "explained in dismissing the ICFA claim").

Plaintiff's claim for breach of implied warranty of merchantability must be dismissed because Plaintiff did not allege that the Product is not of merchantable quality. A breach of the implied warranty of merchantability occurs only when a product is "unfit for the ordinary purposes for which such goods are used" (U.C.C. § 2-314(c)) – in this case, unfit for human consumption. Plaintiff does not and cannot plead this. The only other plausible argument for a breach of implied warranty of merchantability is that the Product does not "conform to the

17

promise or affirmations of fact made on the container or label" (U.C.C. § 2-314(f)), which is tantamount to an express warranty, and requires a literal affirmation or promise. These, again, were not pled; Plaintiff's case is based entirely on implied, not express, claims.

Plaintiff's Magnuson Moss Warranty Act ("MMWA") claim should also be dismissed because Plaintiff does not identify statements on the label that warrant a product free from defect, nor does the Product's label contain any statement constituting a promise that it will meet a specified level of performance. The statement "With Olive Oil" is merely a product description and governed by the FDA- not a "warranty" against a product defect over a specific time period. *Greenfield v. Sears, Roebuck & Co. (In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.)*, No. MDL-1703, 2012 U.S. Dist. LEXIS 39561, at *9 (N.D. Ill. Mar. 22, 2012) (citing *In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, Nos. 05 CV 4742 & 05 CV 2623, at *3-4 (N.D. Ill. May 17, 2006)).

### C.      Plaintiff Fails to State a Claim for Fraud

Common law fraud claims require that a plaintiff prove both actual reliance on a misrepresentation and that the reliance was reasonable or justifiable. *Linkepic Inc. v. Vyasil, LLC,* No. 12 C 09058, 2019 WL 11717093, at *5-6 (N.D. Ill. Oct. 15, 2019) (citing *Charles Hester Enterprises, Inc. v. Illinois Founders Ins. Co.*, 114 Ill. 2d 278, 499 N.E.2d 1319, 1323, (Ill. 1986)). Plaintiff's claim for fraudulent misrepresentation fails because his reliance on the "With Olive Oil" statement was based on the completely erroneous belief that the statement implied an ingredient claim that necessarily meant the *overwhelming* predominance over another ingredient. Therefore, his common law fraud claim also fails.

18

### D.     Plaintiff Fails to State a Claim for Unjust Enrichment

"[W]here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well." *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016) (citing *Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007)).  Plaintiff's unjust enrichment claim is predicated on the alleged misrepresentations made on the Product's label.  Compl. 1 ¶ 120.  Since the Product's label is in no way misleading, Plaintiff's unjust enrichment claim fails along with the rest of his claims.

### CONCLUSION

For the foregoing reasons, Walmart respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint in its entirety.

Dated: November 7, 2022                          Respectfully submitted,

                                                 */s/ August T. Horvath*
                                                 August T. Horvath 2833234
                                                 *ahorvath@foleyhoag.com*
                                                 FOLEY HOAG LLP
                                                 1301 Sixth Avenue, 25th Floor
                                                 New York, New York 10019
                                                 Tel: (212)812-0344
                                                 *Attorneys for Defendant Walmart Inc.*

19

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 7th day of November 2022, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.

<u>*/s/ August T. Horvath*</u>
August T. Horvath