UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jeremy Guzman, individually and on behalf of all others similarly situated,<br><br>                                     Plaintiff,<br>      -against-<br><br>Walmart Inc.,<br>                                     Defendant. | Case No. 1:22-cv-03465<br><br>ORAL ARGUMENT REQUESTED |

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

                                                                    FOLEY HOAG LLP

                                                                    August T. Horvath
                                                                    (*ahorvath@foleyhoag.com*)
                                                                    1301 Sixth Avenue, 25th Floor
                                                                    New York, New York 10019
                                                                    Tel: (212)812-0344
                                                                    Fax: (212)812-0399

                                                                    *Attorneys for Defendant Walmart Inc.*

FH11239370.4

**INTRODUCTION**

Plaintiff's opposition brief, Dkt. 20 ("Opp."), does not provide any reason for this Court to depart from the precedent in this District and elsewhere dismissing virtually identical cases. Plaintiff does not address this Court's concerns from its October 3 docket entry (Dkt. 12) with his Complaint. Instead, he regurgitates arguments that have failed in past cases and doubles down on facially implausible positions. Neither in the Complaint nor in his Opposition has Plaintiff pointed to any plausible allegation of misrepresentation with respect to Walmart's Great Value$^{TM}$ product labeled as "Reduced Fat Mayo with Olive Oil" (the "Product"). Plaintiff intended to and admittedly did purchase a mayonnaise product with olive oil. Compl. ¶ 27. Plaintiff got what he thought he was getting. *See* Opp. at 3 ("While technically true that 'the [label] [] makes no representation [about] any absolute or relative quantity of olive oil…'")

Plaintiff alleges his interpretation of the Product label—that the phrase "With Olive Oil" and a green label guarantee an exclusive use or certain undisclosed amount of olive oil in the Product—is reasonable. Opp. at 2-4. But his arguments in support of this proposition are anything but reasonable. Along the same vein, Plaintiff neither fully addresses Walmart's motion nor the Court's October 3 concerns with the Complaint. First, Plaintiff completely ignores *Ledezma v. Upfield US Inc*., Case No. 1:22-cv-01618, 2022 WL 16553039 (N.D. Ill. Oct. 31, 2022), a nearly identical case dismissed by another court in this district which was at the core of Walmart's motion, presumably because Plaintiff has no plausible argument as to why this Court should not follow the *Ledezma* court. Similarly, Plaintiff also brushes aside well-reasoned decisions from this Court and other district courts in the Seventh Circuit dismissing similar claims challenging similar product labels. Opp. at 5; *see, e.g.*, *Weaver v. Champion Petfoods USA Inc.,* 3 F.4th 927, 936-938 (7th Cir. 2021); *Cerretti v. Whole Foods Mkt. Grp.*, No. 21-cv-

5516, 2022 WL 1062793, at *2, 3 (N.D. Ill. Apr. 8, 2022); *Chiappetta v. Kellogg Sales Co.*, No. 21-cv-3545, 2022 WL 602505, at *4 (N.D. Ill. Mar. 1, 2022); *see also* Motion to Dismiss at 9-10 (listing cases). Plaintiff relies almost exclusively on *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018). Opp. at 5. But not only does he overstate the Seventh Circuit's interpretation and application of this case, he disregards that *Mantikas* is readily distinguishable from this case.

Plaintiff's warranty and other ancillary claims including fraud, negligent misrepresentation, unjust enrichment, and injunctive relief, also fail on multiple fronts. In addition to the absence of any misrepresentation, Plaintiff's admitted failure to deliver adequate pre-suit notice bars these claims. Finally, Plaintiff has not—and cannot—establish the "sufficiently imminent and substantial" risk of future harm required to invoke the right to injunctive relief. *See, e.g., TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2210 (2021). For the reasons stated above and those set forth herein, Plaintiff's Complaint must be dismissed.

 I.   **The Packaging is Not Deceptive.**

All of Plaintiff's legal theories fail because he points to no plausible allegation of misrepresentation on the Product. The main thrust of Plaintiff's argument in support of his claim that the Product's packaging is deceptive is that, in addition to simply stating "with olive oil," the label background color is green. Based on these two elements, he read the label to mean much more than what it plainly says on its face – that is, "With a Significant or Predominant Amount of Olive Oil, in Relative and Absolute Amounts to All Oils Used." Compl. ¶¶ 2, 26. The label neither says nor implies any such message. *See* Opp. at 3. Plaintiff also ignores the ingredient statement, which clearly lists all oils and other ingredients used in the Product.

Contrary to Plaintiff's assertion, the Court is not "required to accept as true" (Opp. at 2) his implausible reading of this label. *See, e.g., Ledezma*, 2022 WL 16553039 at *7, *10-11

(dismissing claims because "[a] reasonable consumer could not take those representations [the "With Olive Oil" statement and the images of olive branches] to mean that the product necessarily contains a particular amount of olive oil or more olive oil than vegetable oils."); *Chiappetta*, 2022 WL 602505, at *4 (concluding that "no reasonable consumer" could infer that toaster pastries contained a certain amount of strawberries based on images of strawberries and the word "strawberry" on the product label). And Plaintiff seems to concede that point. Where, as here, the plaintiff alleges an unreasonable interpretation of a label, courts are free to disregard such allegations and grant a motion to dismiss. *See Bell v. Publix Super Mkts*, *Inc.,* 982 F.3d 468, 477 (7th Cir. 2020) (holding that where a plaintiff alleges "unreasonable or fanciful interpretations" of labels or advertising, dismissal on the pleadings is appropriate and collecting cases); *Ledezma*, 2022 WL 16553039 at *9.

On October 3, the Court correctly questioned the reasonableness of Plaintiff's Complaint, stating:

> But by the look of things, it seems that the jar does, in fact, contain olive oil. Olive oil is the third ingredient. By October 17, 2022, Plaintiff must file a statement addressing the following questions. . . . First, does Plaintiff deny that the jar of mayo does, in fact, contain olive oil? If so, on what basis? Second, what is the basis for Plaintiff's statement that the label "gives consumers the impression it has a greater absolute and relative amount of olive oil compared to traditional vegetable oil ingredients than it does"? By the look of things, the mayo jar said no such thing. The jar said that the mayo had olive oil. The label did not deny the presence of other oils, or suggest that the jar contained more olive oil than other types of oil. By all appearances, the front of the mayo jar did not make any statement about the relative amounts of different types of oil. If Plaintiff disagrees, Plaintiff must explain why.")

Dkt. 12. In his response, Dkt. 14, Plaintiff concedes that the Product does indeed contain olive oil and does little more than reassert the allegation in his Complaint. The cases he cites are the

3

same inapposite cases reasserted in his Opposition and are addressed in Walmart's Motion to Dismiss and this Reply.

In an attempt to salvage his claims, Plaintiff miscites to *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018), claiming that "the Seventh Circuit has explicitly adopted" the reasoning in *Mantikas*, where the Second Circuit rejected the position that representations about the presence of an ingredient could not be read to suggest a particular amount of that ingredient. Opp. at 4.  The Seventh Circuit in *Bell* adopted only the following limited concept from *Mantikas*: that a defendant may not use a "fine-print, back-label ingredient list" to "immunize[] it from claims that more prominent front-label claims [are] deceptive because a consumer could read the ingredient list."  *Bell*, 982 F.3d at 477.  Unlike in *Bell*, where the product label read "100% grated parmesan cheese" – arguably an explicit claim about the amount of cheese included – the label here states only "with olive oil" – not "made with 100% olive oil."  *See also Rice v. Dreyer's Grand Ice Cream, Inc.*, No. 21 CV 3814, 2022 WL 3908665, at *9 (N.D. Ill. Aug. 30, 2022) (distinguishing case from *Bell* noting the ice cream product label at issue stated "dipped in rich milk chocolate and almonds"— not dipped in a mixture that is "100% milk chocolate and almonds." [] "It follows that a reasonable consumer would not understand the front label to convey that the ice cream's coating consists *only* of chocolate and almonds."). Here, there was no misrepresentation on the front of the label.  To the contrary, the front of Walmart's label only states "with olive oil" and the Product does indeed contain olive oil.

Neither of the cases Plaintiff cites that deal with olive oil hold otherwise.  In *Korte v. Pinnacle Foods Group, LLC*, No. 17-cv-199, 2018 WL 1508855 (S.D. Ill. 2018), Judge Yandle refused to dismiss misrepresentation claims where the name of a salad dressing expressly promised olive oil (rather than the blend of oils it contained).  The product in *Korte* was called

4

FH11239370.4

"E.V.O.O. Dressing—Made With Extra Virgin Olive Oil" (with "E.V.O.O." being a common abbreviation for the premium product, "extra virgin olive oil"), whereas here, the product is labeled as "MAYO" in larger, capitalized font, followed by, in a smaller size font, "with Olive Oil." *Compare Korte*, 2018 WL 1508855, at *1 with Comp. ¶ 1. The other "olive oil" case Plaintiff cites, a review of a more than 80-year-old FTC order, found that consumers in 1940 would have understood "olive oil soap" to mean a soap "containing 100% olive oil." *Allen B. Wrisley Co. v. Federal Trade Comm'n*, 113 F.2d 437, 439-40 (7th Cir. 1940). The notions of 1940s consumers regarding the olive oil content of olive oil bar soap have little bearing on modern purchasers' perceptions of the olive oil content of a mayonnaise product. Crucially, the products in both the *Korte* and *Wrisley* cases used olive oil as the pre-designator in their product name – "[Extra Virgin Olive Oil] Salad Dressing" and "olive oil soap" – as compared with the product here, "Reduced Fat Mayo with Olive Oil."

Finally, Plaintiff tries to alter the standard for making a claim under the ICFA by disregarding clearly controlling precedent. Opp. at 5. The Seventh Circuit and this Court, when judging the viability of ICFA claims, clearly require "a probability that a significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled." *See Bell*, 982 F.3d at 474–75; *see also Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 972–73 (7th Cir. 2020); *Chiappetta*, 2022 WL 602505, at *3. Plaintiff cannot meet that threshold where, as here, the Product's packaging never implied that the Product contained a certain amount of olive oil. *See, e.g., Ledezma*, 2022 WL 16553039 at *9; *Chiappetta*, 2022 WL 602505, at *4 (dismissing deceptive labeling claims where product packaging never represented that the product "contain[ed] a specific amount of strawberries"); *Floyd v. Pepperidge Farm, Inc.*, 2022 WL 203071, at *4 (dismissing claim because significant portion of consumers would not be misled

5

about butter content of butter crackers, as label did not "specify either the amount of butter or vegetable oils used in the crackers").

## II.  In the Absence of Deception, No Consumer Protection Claim Exists.

Plaintiff argues that Walmart has waived any argument that the Court should dismiss claims under the State Consumer Fraud Acts of other states. Opp. at 10. Not so. If anything, Plaintiff has placed an unacceptable burden on Walmart and the Court to figure out what the relevant laws even are, since he does not bother to so much as cite them in the Complaint. Compl. ¶ 88 (referring to only "Consumer Fraud Acts" in other states). The only thing Plaintiff has told us about those unspecified statutes is that they are "similar" to ICFA (Compl. ¶ 88) and any claim under them therefore fails for the same reason as the ICFA claim. Since Plaintiff has made no individualized allegations of liability under any of these unidentified laws, there is no need for Walmart to address them one-by-one.

## III.  Plaintiff's Warranty Claims Are Wholly Meritless.

In addition to the fact that Plaintiff has failed to identify any wrongful conduct to justify any relief as described above, he offers four facially insufficient arguments in support of his warranty claims. The first attempts to abolish the distinction between express and implied claims by insisting that unstated assumptions should be read into express representations. Opp. at 7. The second appears to circularly use the existence of Plaintiff's own lawsuit to argue that the Product, which has been sold for years, is not merchantable because it could not "pass without objection" as being made with olive oil (Opp. at 8), but the fact that Plaintiff has been able to concoct a meritless "objection" is irrelevant; the meaning of the UCC's expression "pass without objection in the trade" is that the Product would violate industry standards for merchantability – which there is no allegation the Product does.

6

The third is based on the presumption that the ordinary purpose, or a known particular purpose, of olive oil is to avoid soybean oil (Opp. at 8). Unsurprisingly, Plaintiff cites no case law in support of the idea that every use Plaintiff might imagine for a product (even if that use is never touted in connection with the product itself) creates a known "particular purpose" for which companies should assume consumers will buy the Product, thereby creating an enforceable warranty. The purpose of the Product is human consumption, and there is no allegation that it is unfit for this.

Lastly, and without case law support, Plaintiff asserts that simple references to olive oil somehow constitute "a written affirmation" that the Product is free of defect (and that containing too little olive oil is a cognizable product "defect"). Opp. at 8. This is facially absurd, and does violence to the simple and clear meaning of the term "written affirmation." In addition, "With Olive Oil" is not a "written warranty" subject to the MMWA; the phrase "With Olive Oil" is "a product description that does not warrant to consumers that the Product is defect free or will perform at a specified level over a specific time." *See, e.g., Sanders v. Hillshire Brands Co.*, 2022 WL 2643974, at *4 (holding that "Made with Whole Grain" was merely a product description, not a "written warranty" under the MMWA). None of these arguments can manufacture a viable warranty claim.

Plaintiff also failed to provide adequate pre-suit notice to Walmart of his warranty claims. It is telling that Plaintiff cites only Tennessee and Michigan case law for the proposition that suit is itself sufficient notice. *See In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 155 F. Supp. 2d 1069, 1110 (S.D. Ind. 2001). Not so in Illinois, where this Court has clearly held that pre-suit notice is required for breach of warranty claims. *See Rudy v. Fam. Dollar Stores, Inc.*, No. 21-cv-3575, 2022 WL 345081, at *6–7 (N.D. Ill. Feb. 4, 2022) (observing that notice

7

requirement is intended to "encourage pre-suit settlement negotiations" and "would be eviscerated if a party could satisfy the notice requirement by filing suit"). Because Plaintiff, by his own admission, gave Walmart no pre-suit notice of his warranty claims, those claims must be dismissed. Opp. 7.

### IV. Plaintiff's Negligent Misrepresentation Claims Must be Dismissed.

Plaintiff's claims do not fit under a *Moorman* exception and thus his negligence claim must be dismissed. Plaintiff does not argue that Walmart made an intentional false representation. *See* Opp. at 8-9. And Plaintiff only cites one case - *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.,* 159 Ill. 2d 137, 201 Ill. Dec. 71, 636 N.E.2d 503, 515 (1994) – in support of his allegation that the second *Moorman* exception - where one who is in the business of supplying information for the guidance of others in their business transactions makes negligent representations - applies to Walmart. *Congregation of the Passion*, however, is a case specifically applying to service providers, such as accountants and architects, with a close individual relationship with the plaintiff. A retailer selling a consumer good is not a service provider as part of that transaction, and thus *Congregation of the Passion* is not a relevant case and Plaintiff's negligent misrepresentation claim must be dismissed.

### V. Plaintiff Does Not Even Argue He Has Met the Applicable Standard For Pleading Fraud.

Plaintiff does not respond to Walmart's position that his reliance on "With Olive Oil" to mean that a certain amount of olive oil was present in the Product was not reasonable or justifiable. Rather, he reiterates the 9(b) pleading standard for fraud. Because Plaintiff's reliance on the "With Olive Oil" statement was based on the completely erroneous belief that the statement implied an ingredient claim that necessarily meant the overwhelming predominance over another ingredient, his common law fraud claim also fails.

8

FH11239370.4

### VI. Duplicative Unjust Enrichment Claims Must Be Dismissed.

Plaintiff argues that his unjust enrichment claim can proceed in the alternative to his other claims. Opp. at 11. But the cases cited in the moving brief – and reiterated in the opposition – expressly consider and reject that argument because resolution of the fraud claim is dispositive of the unjust enrichment claim. *Spector v. Mondelez Int'l, Inc.,* 178 F. Supp. 3d 657, 674 (N.D. Ill. 2016) (citing *Ass'n Benefit Servs. v. Caremark Rx, Inc.,* 493 F.3d 841, 855 (7th Cir. 2007)).

### VII. Plaintiff Lacks Standing to Seek Injunctive Relief.

In addition to the fact that Plaintiff has failed to identify any wrongful conduct to justify any relief as described above, Plaintiff's claims for injunctive relief also fail for lack of standing. Plaintiff's Opposition does not credibly explain how he could plausibly face "danger to be deceived" again, given that he knows the true facts and also that the ingredients are admittedly accurately listed on the back of the label. Compl. ¶ 27. Further, Plaintiff does not legitimately answer how his claim could survive in light of the Seventh Circuit's clear rejection of any right to injunctive relief for those in Plaintiff's position. *See, e.g., Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 740–41 (7th Cir. 2014) (denying injunctive relief because plaintiff was already aware of defendant's sales practices and was unlikely to be harmed by those practices in the future). *Accord Kinman v. Kroger Co.*, No. 21-cv-1154, 2022 WL 1720589, at *8 (N.D. Ill. May 27, 2022) (rejecting as "speculative" plaintiff's contention that she faced future harm because she planned to purchase defendant's cheese in the future "when she [could] do so with the assurance that the product's representations [were] consistent with its composition"); *Terrazzino v. Wal-Mart Stores, Inc.*, 335 F. Supp. 3d 1074, 1087 (N.D. Ill. 2018) (dismissing plaintiff's claim for injunctive relief where plaintiff was aware that defendant's pita chips were not "all natural" and was therefore unlikely to be harmed by that representation in the future).

### VIII. Plaintiff's Claims Are Preempted.

Plaintiff mischaracterizes Walmart's argument regarding preemption. Walmart does not assert that Plaintiff purports to bring his claims under any federal regulation. Rather, Walmart has explained that FDA regulations expressly provide that claims like "with olive oil" are not nutrient content claims that imply that the claimed ingredient is present in nutritionally beneficial quantities. *See* 21 C.F.R. § 101.65 (2022) (explaining that "[a] claim about the presence of an ingredient that is perceived to add value to the product, e.g., 'made with real butter,'" is not a nutrient content claim and therefore does not imply that the claimed ingredient is present in nutritionally beneficial quantities). Plaintiff's claim that Walmart is liable for its label because the label implies precisely what FDA regulations say it does not is preempted.

### CONCLUSION

For the foregoing reasons, Walmart respectfully requests that this Court grant its motion to dismiss Plaintiff's Complaint.

Dated: January 6, 2023

Respectfully submitted,

*/s/August Horvath*
August T. Horvath (AH 8776)
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0344
Fax: (212) 812-0399

*Attorneys for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 6th of January 2023, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via electronic mail.

/s/ *August Horvath*
August T. Horvath