UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY GUZMAN, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 22-cv-3465 |
| v. ) ) | Hon. Steven C. Seeger |
| WALMART INC., ) ) | |
| Defendant. ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeremy Guzman filed a consumer fraud case because he was unhappy with the amount of olive oil in a jar of mayonnaise that he bought at Walmart. The theory of the case is *not* that the mayonnaise didn't contain olive oil. It did. Instead, the theory is that the mayo didn't contain *as much* olive oil as Guzman had expected.

The shelf life of the complaint has long since expired. In fact, the theory of the case was past its prime from the very moment that it arrived in the federal courthouse. Plaintiff's counsel has peddled this theory time and again, in case after case, without much success in this district. The complaint joins a warehouse of complaints filed by Plaintiff's counsel that are not fit for public consumption.

This purported class-action lawsuit is about the olive oil in reduced-fat mayonnaise. *See* Cplt., at ¶ 1 (Dckt. No. 1). The jar's label states that it is "Mayo with Olive Oil." *Id.* at ¶¶ 1, 26. A picture of a bowl of mayonnaise with a wooden spoon appears nearby, not far from a half-eaten sandwich. The label uses a lively green backdrop. *Id.*

Guzman claims that the label misleads consumers by creating the false "impression" that the product "has a greater absolute and relative amount of olive oil compared to traditional vegetable oil ingredients than it does." *Id.* at ¶ 2. He points out that the label says "with Olive Oil," and the text appears against a green backdrop, "evocative of the color of olives." *Id.* at ¶ 26. He claims that consumers "expect a significant, non-de minimis amount of olive oil, in relative and absolute amounts to all oils used." *Id.*

After purchasing the product, and maybe making an unsatisfactory sandwich, Guzman went to the federal courthouse. He filed suit against Walmart, the product's manufacturer. The complaint raises a host of claims, including a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and similar statutes in other states. *Id.* at ¶¶ 82–92. Walmart, in turn, moved to dismiss.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Claims of common-law fraud or deceptive practices under the ICFA require the plaintiff to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

*See Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 738 (7th Cir. 2019). Rule 9(b) requires a party alleging fraud to "state with particularly the circumstances constituting fraud." *See* Fed. R. Civ. P. 9(b). The plaintiff must allege the "who, what, when, where, and how" of the alleged fraud. *See Vanzant*, 934 F.3d at 738.

To state a deception claim under the ICFA, a plaintiff must allege with particularity: (1) a deceptive act or practice, (2) an intent for the consumer to rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage that was (5) proximately caused by the deception. *See Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005); *see also Sneed v. Ferrero U.S.A., Inc.*, 2023 WL 2019049, at *2 (N.D. Ill. 2023); Fed. R. Civ. P. 9(b). The statutes in other states share the same basic requirements.

At this point, this Court has gone round and round the carousel a number of times with Plaintiff's counsel in cases about deceptive product labeling. Most recently, this Court dismissed two other cases alleging that a label was deceptive because the consumer expected a certain amount of an ingredient in a product. *See Matthews v. Polar Corp.*, 2023 WL 2599871 (N.D. Ill. 2023); *Gardner v. Ferrara Candy Co.*, 2023 WL 2599857 (N.D. Ill. 2023).

In each case, the plaintiff unsuccessfully alleged that the product misled consumers because they expected it to contain more than a *de minimis* amount of an ingredient advertised on the label. The same attorney filed each case.

The case at hand is yet another spin on an increasingly unpleasant ride. It is time for the carousel to come to a halt.

For the reasons articulated in this Court's earlier rulings, as well as countless other cases, the Court finds that the product's label is not misleading as a matter of law. *See Gardner v.*

3

*Ferrara Candy Co.*, 2023 WL 2599857, *5 (N.D. Ill. 2023) ("Courts widely dismiss claims that a product contained only a *de minimis* amount of an ingredient when the packaging itself did not promise more.") (citing cases); *Matthews v. Polar Corp.*, 2023 WL 2599871, at *7 (N.D. Ill. 2023) ("A statement about the presence of an ingredient is not a promise about the amount of the ingredient. . . . A claim cannot rest on a mere reference to an ingredient that is, in fact, an ingredient unless something else makes that statement misleading.") (citing cases); *see also Hamidani v. Bimbo Bakehouse LLC*, 2023 WL 167513, at *3 (N.D. Ill. 2023) (Coleman, J.) ("Packaging that merely depicts or asserts the presence of an ingredient typically cannot lead a reasonable consumer to conclude that the product contains a certain amount of that ingredient."); *Rudy v. D.F. Stauffer Biscuit Co., Inc.*, 2023 WL 2711612, at *6 (N.D. Ill. 2023) (Wood, J.) ("Viewing the representations on the packaging in their entirety, none of the text or images give any indication as to the amount of lemon ingredients the product will contain."); *Chiappetta v. Kellogg Sales Co.*, 2022 WL 602505, at *5 (N.D. Ill. 2022) (Aspen, J.) ("Chiappetta has not identified any 'untruths on the packaging' or a plausible deception. The front of the Product packaging does not state or suggest anything about the amount of strawberries in the Product's filling or guarantee that the filling contains only strawberries, and Chiappetta concedes that the filling contains some strawberries."); *Ledezma v. Upfield US Inc.*, 2022 WL 16553039, at *5 (N.D. Ill. 2020) (Feinerman, J.) (holding that a spread labeled "With Olive Oil" did "not even obliquely suggest that the product contains a particular amount of olive oil, let alone [an] unspecified greater amount of olive oil expected by [plaintiff]").

That collection is a small sampling of the courts in this district that have rejected the theory put forward by Plaintiff's counsel here. Frankly, this Court doesn't have time to write the

4

full string cite of cases where the theory of the case by Plaintiff's counsel didn't get off the ground.

Simply put, the complaint at hand does not state a claim under the ICFA. The product's front label states that it contains "Mayo with Olive Oil," in text set against a green backdrop. *See* Cplt., at ¶ 1 (Dckt. No. 1). A reasonable consumer could not interpret that representation to mean that the mayo contains a particular amount of olive oil. And a reasonable consumer could not read that label to mean that there is a certain percentage of olive oil compared to other ingredients. That is, a reasonable consumer could not interpret the label to guarantee anything about the amount of olive oil in the mayo, in absolute or relative terms.

The product says nothing about the amount of olive oil in the jar. The label says that the mayo is made "*with* olive oil." It does not say "mostly olive oil," or "more olive oil than other oils," or anything of that sort. It says something about the presence of olive oil. It says nothing about the amount of olive oil.

The product promises olive oil, and the product delivers olive oil. Plaintiff does not claim that the product lacks olive oil. In fact, Plaintiff concedes that the mayo contains olive oil. *Id.* at ¶ 27; *see also* Pl.'s Statement, at 1 (Dckt. No. 14) ("Plaintiff does not deny the Product contains olive oil."). Olive oil is the third ingredient. *See* Cplt., at ¶ 27.

The jar of mayo contains oil olive, and doesn't contain deception. Without any deception, the complaint cannot survive. "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020).

Plaintiff's remaining claims depend on the allegation that the mayo's label is false, deceptive, or misleading. *See* Cplt., at ¶¶ 93–120 (Dckt. No. 1) (asserting a warranty claim under the Magnuson Moss Warranty Act, and state law claims for express and implied warranties of merchantability, negligent misrepresentation, fraud, and unjust enrichment). Because the complaint does not sufficiently allege that a reasonable consumer would be misled by the product's labeling, those claims likewise fail. *See Matthews*, 2023 WL 2599871, at *9–11.

This Court sees no reason why the complaint at hand should not suffer the same fate as so many other complaints with the same theory in this courthouse. If Guzman believes that there is something unique about his claims in this case, he may file a motion for leave to file an amended complaint by May 18, 2023. In the meantime, Defendant's motion to dismiss (Dckt. No. 16) is granted.

The dismissal of the complaint is not the end of the matter. There is one other piece of unfinished business.

Plaintiff's counsel has developed a fair bit of notoriety for filing cases about consumer labeling. Many of the complaints have suffered the judicial equivalent of a crash landing, or perhaps an explosion on the launch pad. They haven't survived for long.

Lawyers have an obligation to file cases in good faith. *See* Fed. R. Civ. P. 11. Filing cases imposes significant costs on opposing parties, and on the judiciary itself. Courts have an institutional interest in protecting themselves from frivolous cases, because it is not fair to the countless other litigants in countless other cases that deserve a court's attention. When a party files a frivolous case, and consumes the Court's attention, everyone else foots the bill.

6

For now. This Court is increasingly curious about which side of the line Plaintiff's counsel is on. To that end, Plaintiff's counsel must file and email a spreadsheet that is similar, but not identical, to the spreadsheets that this Court ordered him to file in *Matthews v. Polar Corp.*, 22-cv-649 (N.D. Ill. 2023), and *Gardner v. Ferrara Candy Co.*, 22-cv-1272 (N.D. Ill. 2023).

The spreadsheet must identify every case filed by Plaintiff's counsel since 2020 where the theory of the case is similar to the case at hand. That is, the spreadsheet must identify every case where the theory was that the consumer expected more than a *de minimis* amount of "Ingredient X" in a product. Plaintiff's counsel must provide the case name, the case number, the district, the date of the filing, the name of the judge, and the outcome of any motion to dismiss.

Plaintiff's counsel has become a wrecking ball when it comes to imposing attorneys' fees on other people. And this Court is starting to wonder who should pay for the cleanup. At some point, even lawyers have to internalize the costs of their own behavior.

To put a finer point on it, this Court directs Plaintiff's counsel to show cause why he should not have to pay the attorneys' fees incurred by Defendant in this case. Plaintiff's counsel is imposing plenty of costs, and someone has to pay them. Plaintiff's counsel has taken everyone on a ride, and Plaintiff's counsel must show who should pay for the ticket.

Date: May 15, 2023

Steven C. Seeger
United States District Judge