UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Jeremy Guzman, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Walmart Inc., <br><br> Defendant. | Case No. 1:22-cv-03465 |

**DEFENDANT'S STATEMENT RE. PLAINTIFF'S MAY 19, 2023, SUBMISSION**

On May 19, 2023, pursuant to the Court's Order, Plaintiff submitted a list of cases filed by Plaintiff's counsel since 2020 alleging *de minimis* amounts of featured ingredients in food labels (Dkt. 24, the "Case List"). Defendant Walmart Inc. respectfully submits this additional information to aid in the interpretation of the Case List. Defendant emphasizes that we do not blame Plaintiff's counsel for any misimpressions that might be created by the Case List, as the Court has, in past orders, directed that Plaintiff's counsel provide only the information specifically requested by the Court in this type of submission.[1] However, it may not be apparent from the Case List how low the success rate of these cases is.

The Case List includes 111 cases in which a motion to dismiss was filed. In 41 of those, the motion was granted. Of the remaining 70, in which the Case List indicates that the motion to dismiss was not granted, there were only 9 cases in which the motion was decided, *i.e.*, the

---

[1] *Gardner v. Ferrara Candy Company*, No. 1:22-cv-01272-SCS (N.D. Ill. Apr. 11, 2023) (Minute Entry, Dkt. 30).

1

plaintiff prevailed at least partly on a decided motion, according to Plaintiff's original filing in *Gardner v. Ferrara Candy* (Dkt. 29, Ex. A, Apr. 11, 2023). Of the other 61 cases, the motion to dismiss is still pending in 18, based on our review of dockets. In the remaining 43 cases, the case was dismissed before the motion could be decided, either because (a) the matter settled prior to decision, (b) the plaintiff unilaterally dismissed the case prior to decision.

Foley Hoag LLP represents or represented defendants in 12 of the 43 cases in the Case List in which a motion to dismiss was filed, but the case was dismissed before it was decided. In all of those cases, the plaintiff voluntarily dismissed the case unilaterally, without any stipulation or settlement, before the motion could be decided. None was settled for any conduct or monetary relief. Counsel for Defendant does not know the disposition of the other 31 cases, because cases dismissed pursuant to non-class settlements look the same as unilaterally dismissed cases on the dockets, but suspects that several of them also were dismissed without settlement.

In sum, decided motions to dismiss the cases in the Case List were granted 82% of the time, and of the cases that were closed while a motion to dismiss was pending, many were withdrawn unilaterally, rather than settled.

| | |
|---|---|
| Dated: May 22, 2023 | Respectfully submitted, |
| | By its attorneys, |
| | */s/ August T. Horvath* <br> August T. Horvath (No. 2833234) <br> Foley Hoag LLP <br> 1301 Avenue of the Americas, 25th floor <br> New York, New York 10019 <br> Tel: (212) 812-0400, Fax: (212) 812-0399 <br> ahorvath@foleyhoag.com |
| | *Attorneys for Defendant Walmart Inc.* |